SEYFARTH SHAW LLP
Pamela Q. Devata (*pro hac vice* forthcoming)
pdevata@seyfarth.com
John W. Drury (*pro hac vice* forthcoming)
jdrury@seyfarth.com
Brandon S. Stein (*pro hac vice* forthcoming)
bstein@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

SEYFARTH SHAW LLP
Eric Suits (SBN # 232762)
esuits@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814
Telephone: (916) 498-7032
Facsimile: (916) 558-4839

Attorneys for Defendant
CHECKR, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA G. PHILLIPS, on behalf of herself, all others allegedly similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>CHECKR, INC.,<br><br>        Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT CHECKR, INC.**<br><br>[28 U.S.C. §§ 1331, 1441 & 1446]<br><br>Trial Date:  Not Set<br>Date Action Filed:  February 21, 2020<br>Summons/Complaint Served:  February 25, 2020<br><br>Removal from Superior Court of California, County of San Francisco; Case No.: CGC-20-583126 |

      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF ALICIA G. PHILLIPS AND HER ATTORNEYS OF RECORD:**

      PLEASE TAKE NOTICE that Defendant Checkr, Inc. ("Defendant" or "Checkr") hereby removes the above-entitled action, Case No. CGC-20-583126, from the Superior Court of the State of

1

California, County of San Francisco, to the U.S. District Court for the Northern District of California.

This Removal is based on 28 U.S.C. §§ 1331, 1441(a) and 1446.  This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. § 1331 and the existence of a federal question herein.  In support of its Notice of Removal, Checkr states as follows:

## PLEADINGS, PROCESSES, AND ORDERS

1.  On February 21, 2020, Plaintiff Alicia Phillips ("Plaintiff") filed a purported Class Action Complaint against Defendant in the Superior Court of California, County of San Francisco, entitled *Alicia G. Phillips v. Checkr, Inc.,* Case No. CGC-20-583126.

2.  Plaintiff's Complaint purports to allege a single claim for relief against Defendant under Section 1681e(b) of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b).  Plaintiff's Complaint does not assert any additional claims against Defendant.

3.  Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, notices, and orders served upon Defendant in this action are attached as **Exhibit A**.

## TIMELINESS OF REMOVAL

4.  On February 25, 2020, Plaintiff purported to serve Checkr with a copy of the Complaint.

5.  This Notice of Removal is timely as it is being filed within thirty (30) days after service of the Summons and Complaint. 28 U.S.C. § 1446(b); Fed. Rule Civ. Proc. 6(a)(1)(C); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

## BASIS FOR REMOVAL

## FEDERAL QUESTION JURISDICTION

6.  28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.  Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the instant action based on federal question jurisdiction in that Plaintiff's Complaint asserts a single claim under the FCRA, 15 U.S.C. § 1681 *et seq.*, a federal statute.

8.  Specifically, Plaintiff asserts a claim under Section 1681e(b) of the FCRA, 15 U.S.C. § 1681b(b)(2).  (**Exhibit A**, Complaint at ¶¶ 54-58.)  Accordingly, this action presents a federal question

over which this Court has original jurisdiction under 28 U.S.C. § 1331, and removal of Plaintiff's Complaint is proper.

### **VENUE**

9.      Venue lies in the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446(a). This action was originally brought in the Superior Court of the State of California, County of San Francisco, and thus should be removed to the San Francisco or Oakland Division of this Court per Civil Local Rules 3-2(c) and (d).

### **SERVICE OF NOTICE OF REMOVAL ON STATE COURT**

10.      A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco as required under 28 U.S.C. § 1446(d).

### **RESERVATION OF RIGHTS**

11.      By filing this Notice of Removal, Checkr does not concede nor waive any defense or motion relating to this action, including that (i) Plaintiff has agreed to arbitrate the claim asserted in the Complaint on an individual basis; and (ii) Plaintiff lacks standing to bring this action.  Defendant reserves all defenses relating to the Court's jurisdiction and the justiciability of this action.

WHEREFORE, Defendant, CHECKR, INC., prays that this civil action be removed from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California, San Francisco or Oakland Division.

NOTICE OF REMOVAL BY DEFENDANT CHECKR, INC.

1   DATED: March 25, 2020               Respectfully submitted,

2                                   SEYFARTH SHAW LLP

By: /s/ Eric Suits
      Pamela Q. Devata (*pro hac vice* application forthcoming)
      John W. Drury (*pro hac vice* application forthcoming)
      Brandon S. Stein (*pro hac vice* application forthcoming)
      Eric Suits

4

NOTICE OF REMOVAL BY DEFENDANT CHECKR, INC.

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHECKR, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALICIA G. PHILLIPS, on behalf of herself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CGC 20 583126 |
| Superior Court of California County of San Francisco 400 McAllister Street San Francisco, CA 94102 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Stephanie R. Tatar, Tatar Law Firm, APC

3500 West Olive Ave, Ste 300, Burbank, CA 91505   Telephone: (323) 744-1146

DATE: FEB 2 1 2020
*(Fecha)*

CLERK OF THE COURT Clerk, by
*(Secretario)* KALENE APOLONIK , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]
SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |

BY FAX

Stephanie R. Tatar (SBN 237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

E. Michelle Drake*
John G. Albanese*
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612.594.5999
Fax: 612.584.4470
emdrake@bm.net
jalbanese@bm.net
*pro hac vice forthcoming

*Attorneys for Plaintiff*

**FILED**

San Francisco County Superior Court

FEB 21 2020

CLERK OF THE COURT

BY: _____
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

ALICIA G. PHILLIPS, on behalf of herself
and all others similarly situated,

Plaintiff,

v.

CHECKR, INC.

Defendant.

**CGC-20-583126**

Case No.

**CLASS ACTION COMPLAINT
FOR DAMAGES**

(I) Violations of the Fair
Credit Reporting Act,
15 U.S.C. § 1681, *et seq.*

**JURY TRIAL DEMANDED**

Plaintiff Alicia G. Phillips, by and through her attorneys, on behalf of herself and

the Classes set forth below, brings the following Class Action Complaint against Checkr,

Inc. ("Checkr" or "Defendant").

**BY FAX**

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

Stephanie R. Tatar (SBN 237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

E. Michelle Drake*
John G. Albanese*
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612.594.5999
Fax: 612.584.4470
emdrake@bm.net
jalbanese@bm.net
*pro hac vice forthcoming

*Attorneys for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ALICIA G. PHILLIPS, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| v. | (I) Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* |
| CHECKR, INC. | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Alicia G. Phillips, by and through her attorneys, on behalf of herself and the Classes set forth below, brings the following Class Action Complaint against Checkr, Inc. ("Checkr" or "Defendant").

BY FAX

## INTRODUCTION

1.      This consumer class action is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") against a screening company that routinely violates the FCRA's by reporting inaccurate criminal convictions.

2.      Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress and California have chosen to regulate the procurement, use, and content of those reports through the FCRA.

3.      Plaintiff seeks to hold Defendant accountable for its willful and systemic violations of the FCRA.  Defendant has willfully violated the FCRA by routinely reporting inaccurate information on consumers.

4.      Defendant's failure to ensure that its reports are accurate, and complete and up to date is illustrated by the experience of Plaintiff who had inaccurate convictions reported in connection with a job application.

## THE PARTIES

5.      Plaintiff Alicia G. Phillips is an individual person and a resident of Jacksonsville, Florida.

6.      Defendant Checkr, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.   Checkr major clients include so-called "gig economy" companies such as Uber, Lyft, Postmates, and DoorDash.

7.      Defendant sells criminal background checks to employers on job applicants. Defendant is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. 1681a(f).

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and Cal. Civ. Code § 410.10.

9.      Venue is proper in the County of San Francisco as Defendant is headquartered in this County.

-2-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

## STATUTORY BACKGROUND

10.     Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for employment or housing.  Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

11.     Recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports.  15 U.S.C. § 1681.

12.     15 U.S.C. § 1681e(b) requires consumer reporting agencies to follow reasonable procedures to ensure the maximum possible accuracy of the information they report.

## PLAINTIFF'S INACCURATE REPORT

13.     In or around July 2019, Plaintiff applied for a position at Postmates.  As part of the application process Postmates ordered a background check from Defendant.

14.     Defendant's background check was inaccurate and presented Plaintiff to her potential employer as having an extensive criminal record.

15.     Defendant's report indicated that Plaintiff had multiple shoplifting and grand larceny convictions in South Carolina.

16.     The background check included convictions which belong to a different Alicia Phillips.  The background check indicated that Plaintiff had been convicted of multiple charges of shoplifting, as well as grand larceny, in Greenwood County, South Carolina.  Plaintiff has never been convicted of any of these crimes.

17.     Plaintiff has never resided in South Carolina or visited South Carolina.

-3-

1       18.    Plaintiff was born in February 1979. The convicted Alicia Phillips was born
2  in April 1979 per her criminal records.₁

3       19.    Plaintiff and the convicted Alicia Phillips also do not share a Social Security
4  Number.

5       20.    Defendant knew Plaintiff's exact birth, and also knew Plaintiff's Social
6  Security Number.

7       21.    In South Carolina, no criminal records stored with county clerks include full
8  dates of birth. This is in accordance with South Carolina Rules of Civil Procedure Rule
9  41.2.

10       22.    Rule 41.2 was added to the South Carolina Rules of Civil Procedure on
11  April 15, 2014.

12       23.    Defendant has had five years to become aware of Rule 41.2 and how it
13  applies to South Carolina court records.

14       24.    Statewide records of arrests and convictions (commonly called a "SLED
15  report"), which include full dates of birth are publicly available from the South Carolina
16  Law Enforcement Division.

17       25.    If Defendant had obtained Plaintiff's SLED report, it would have seen that
18  neither of the convictions it was reporting belonged to Plaintiff.

19       26.    Records of arrest and booking in South Carolina contain full names and dates
20  of birth, and are also publicly available.

21       27.    Had Defendant obtained booking records from South Carolina, it would have
22  found that the individual charged is a different Alicia Phillips with a different Social
23  Security Number and date of birth.

24
25
26

27  ₁ The specific days of the birth months are different between Plaintiff and the convicted
28  Alicia Phillips as well, but have been omitted for privacy considerations.

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

28.    By relying on incomplete data when more detailed information was available, Defendant did not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

29.    Upon viewing the report, Plaintiff was horrified, embarrassed, and humiliated.

30.    She immediately disputed the report. Checkr saw their obvious error and corrected it.

31.    Plaintiff may apply to other companies that use Checkr for background checks and is concerned that the inaccurate reporting could recur again.

**DEFENDANT'S BUSINESS PRACTICES**

32.    Over the past 15 years, there has been increased collection and aggregation of consumer data, including criminal records data. As a result of the increasing availability of this data, there has been a boom in the background check industry.

33.    As summarized in a recent report by the Consumer Financial Protection Bureau,[2] a 2018 survey of employers found that 95 percent of employers surveyed conducted one or more types of background screening. (CFPB Report at 4.)

34.    The criminal background check industry takes in revenues of $3 billion a year industry and is growing.[3]

35.    Criminal background checks are generally created by running automated searches through giant databases of aggregated criminal record data. Defendant states that it "scours over 30 million records" in doing a national criminal records check.[4] The reports are created and disseminated with little to no manual, in person review, and the underlying court records are rarely directly reviewed in creating criminal background checks.

[2] CFPB, Market Snapshot: Background Screening Reports (Oct. 2019), https://files.consumerfinance.gov/f/documents/201909_cfpb_market-snapshot-background-screening_report.pdf ("CFPB Report").
[3] IBISWorld, Inc., *Background Check Services in the US: Report Snapshot*, available at http://www.ibisworld.com/industry/background-check-services.html.
[4] Checkr, Screening, https://checkr.com/product/screenings/ (stating that Checkr "scours over 30 million records" in doing a national criminal records check).

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

36.    Background check companies collect millions of criminal records from a number of sources with data from county, state, and federal level sources. The data included on the reports is often not obtained directly from court records on an individual basis but instead is purchased in bulk or scraped from court websites.

37.    Defendant's criminal background checks provide information about whether a job applicant or employee has a criminal history.

38.    Checkr's reports are compiled by doing searches through databases of criminal records. Checkr does not check the underlying records prior to issuing reports to ensure that reports are accurate and complete and up to date.

39.    As demonstrated by Plaintiff's report, Defendant does not accurately copy information from public records. If it had, it would not have reported inaccurate records on Plaintiff.

40.    Defendant is well aware of the FCRA has been sued dozens of times for reporting inaccurate or outdated information.

41.    Defendant places its business interests above the rights of consumers and reports such inaccurate information because it is cheaper for Defendant to produce reports containing information that is inaccurate and incomplete than it is for Defendant to exert proper quality control over the reports prior to their being provided to Defendant's customers.

42.    Defendant reports such erroneous and incomplete information because it wants to maximize the automation of its report creation process, thereby saving the costs associated with conducting the additional review necessary to remove the inaccurate or out-of-date entries.

43.    Accordingly, Defendant has routinely and systematically willfully violated the FCRA.

44.    Defendant is aware of the FCRA requirements as it is a member of the National Association of Professional Background Screeners ("NAPBS"). NAPBS puts on

-6-

conferences multiple times a year where presenters discuss compliance with federal and California consumer reporting laws.

45.     Defendant also offers "compliance courses" on its website for complying with the FCRA.

## CLASS ALLEGATIONS

46.     Plaintiff asserts her claims on behalf of the Class defined below:

> All residents of the United States upon whom Defendant produced a report
> 1)  within two years of the filing of the initial complaint in the matter to the date that the Class is certified;
> 2)  where the report contained an inaccurate criminal record;
> 3)  where the report did not match the date of birth or Social Security Number to the criminal record(s); and
> 4)  where Checkr corrected the report upon receiving a dispute from the consumer.

47.     This action is brought, and may properly be maintained, as a class action under Cal. Civ. Code § 382 as there is a well-defined community of interest in the litigation and the proposed Classes are ascertainable from Defendant's records.

48.     Numerosity: The Classes are so numerous that joinder of all class members is impracticable. Defendant produces reports nationwide, and has produced thousands of reports on consumers in California during the class period, many of whom are members of the Class.

49.     Typicality: Plaintiff's claims are typical of the class members' claims. Defendant treated Plaintiff in the same manner as other class members.

50.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Classes, and have retained counsel experienced in complex class action litigation.

51.     Commonality: Common questions of law and fact exist as to all members of the Classes and predominate over any questions solely affecting individual members of the Classes. These common questions include:

-7-

a.   Whether Defendant violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy;

b.   Whether such violations were willful;

c.   The proper measure of damages;

d.   The proper form of injunctive relief.

52.   Class certification is appropriate under Cal. Civ. Code § 382 because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

**COUNT I**
**15 U.S.C. § 1681e(b)**
*On Behalf of Plaintiff and the Class*

53.   Plaintiff incorporates the paragraphs above.

54.   Defendant failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the records it reported, including by reporting criminal records that don't match Plaintiff's Social Security Number and date of birth.

55.   The foregoing violations were negligent.

56.   The foregoing violations were willful.

-8-

57.    Defendant acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681e(b). Defendant's negligent and willful conduct is reflected by, *inter alia*, the following:

    a.  Defendant's reports on Plaintiff inaccurately listed convictions and charges from South Carolina.

    b.  Defendant had received reports from other consumers indicating that it was issuing incorrect reports that did not match the consumer's name, date of birth, or Social Security Number.

    c.  The FCRA was enacted in 1970; Defendant has had many years to become compliant.

    d.  Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute.

    e.  Defendant knew or had reason to know that Defendant's conduct violated the FCRA.

    f.  By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

58.    Plaintiff and the 1681e(b) Class are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for this violation. Plaintiff is also entitled to punitive damages and to recover costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Classes, prays for relief as follows:

    a.  Determining that this action may proceed as a class action;

    b.  Designating Plaintiff as class representatives and designating Plaintiff's counsel as counsel for the Classes;

    c.  Issuing proper notice to the Classes at Defendants' expense;

-9-

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

1   d. Declaring that Defendants violated the FCRA;

2   e. Declaring that Defendants acted willfully, in knowing or reckless

3     disregard of Plaintiff's rights and its obligations under the FCRA;

4   f. Awarding actual, statutory and punitive damages as provided by the

5     FCRA;

6   g. Awarding appropriate injunctive relief to require Defendant to review

7     underlying court records before issuing reports;

8   h. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

9     and

10   i. Granting other and further relief, in law or equity, as this Court may

11     deem appropriate and just.

12      **DEMAND FOR JURY TRIAL**

13  Plaintiff and the Classes demand a trial by jury.

14 Dated: February 20, 2020     Respectfully submitted,

15

16         By: _____
         Stephanie R. Tatar (SBN 237792)

17         TATAR LAW FIRM, APC
         3500 West Olive Avenue, Suite 300

18         Burbank, California 91505
         Telephone: (323) 744-1146

19         Facsimile: (888) 778-5695
         Stephanie@thetatarlawfirm.com

20

21         E. Michelle Drake*
         John G. Albanese*

22         BERGER MONTAGUE PC
         43 SE Main Street, Suite 505

23         Minneapolis, MN 55414
         Tel.: 612.594.5999

24         Fax: 612.584.4470
         emdrake@bm.net

25         jalbanese@bm.net
         *pro hac vice forthcoming

26

27         *Attorneys for Plaintiff*

28

CLASS ACTION COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Stephanie R. Tatar (SBN 237792)
TATAR LAW FIRM, APC, 3500 West Olive Avenue, Suite 300
Burbank, California 91505

TELEPHONE NO.: (323) 744-1146     FAX NO. *(Optional):* (888) 778-5695
ATTORNEY FOR *(Name):* Plaintiff

FILED
San Francisco County Superior Court

FEB 21 2020

CLERK OF THE COURT
BY: _____ Chelene Join
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

CASE NAME:
Alicia G. Phillips, on behalf of herself and all others similarly situated, v. Checkr, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder | | CGC-20-583126 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* (1) Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.
5. This case [x] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: February 20, 2020

Stephanie R. Tatar
_____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (not asbestos or
  toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (not civil
  harassment) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (not unlawful detainer
      or wrongful eviction)
  Contract/Warranty Breach–Seller
    Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (not provisionally
  complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent
    domain, landlord/tenant, or
    foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (arising from provisionally complex
  case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (non-
    domestic relations)
  Sister State Judgment
  Administrative Agency Award
    (not unpaid taxes)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
  above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-
    harassment)
  Mechanics Lien
  Other Commercial Complaint
    Case (non-tort/non-complex)
  Other Civil Complaint
    (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (not specified
  above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| STEPHANIE TATAR  (SBN 237792)<br>TATAR LAW FIRM, APC<br>3500 W OLIVE AVE-300<br>BURBANK, CA 91505<br>    TELEPHONE NO:  323-744-1146      FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>    ATTORNEY FOR *(Name)*:   PLAINTIFF | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**02/26/2020**<br>**Clerk of the Court**<br>**BY: YOLANDA TABO-RAMIREZ**<br>**Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN FRANCISCO |
|---|
| STREET ADDRESS:  400 MCALLISTER STREET-103 |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:  SAN FRANCISCO , 94102 |
| BRANCH NAME: |

| PLAINTIFF / PETITIONER:  ALICIA G. PHILLIPS<br>DEFENDANT / RESPONDENT:  CHECKR, INC. | CASE NUMBER:<br>CGC-20-583126 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>4341773 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*:   NOTICE TO PLAINTIFF

3. a. Party served *(specify name of party as shown on documents served)*:
      CHECKR, INC.
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      DANIEL YANISSE, CEO

4. Address where the party was served:
   1 MONTGOMERY ST-2000, SAN FRANCISCO, CA 94104

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                    (2) at *(time)*:
   b. [X] **by substituted service.** On *(date)*:   Tue, Feb 25 2020                    at *(time)*:   10:44 AM          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      EJ GIBSON, PERSON IN CHARGE
      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:  Tue, Feb 25 2020
          from *(city)*:  SAN FRANCISCO                    or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

PROOF OF SERVICE OF SUMMONS

| PLAINTIFF / PETITIONER:  ALICIA G. PHILLIPS | CASE NUMBER: |
| DEFENDANT / RESPONDENT:  CHECKR, INC. | CGC-20-583126 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
  (1)  on *(date)*:  (2)  from *(city)*:
  (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
  (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

  ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify)*:
  c.  ☐  as occupant.
  d.  ☒  On behalf of *(specify)*:   CHECKR, INC.
    under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: |  |

7.  **Person who served papers**
  a.  Name:  ERIN LEACH
  b.  Address:  LIGHTNING LEGAL PROCESS SERVICE, 4 Embarcadero Center 14th Fl., San Francisco, CA 94111
  c.  Telephone number:  415-624-7747
  d.  **The fee** for service was:  $105.00
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☒  a registered California process server:
      (i)  ☐ owner  ☐ employee  ☒ independent contractor
      (ii)  Registration No:  2019-0001116
      (iii)  County:   SAN FRANCISCO

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   02/26/2020

ERIN LEACH
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

*Erin Leach*
_____
(SIGNATURE)

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**    **JUL-22-2020**

**TIME:**    **10:30AM**

**PLACE:**   **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order   **without an appearance**   at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**